UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **NORTH AMERICAN LIGHTING, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 08-CV-02038** |
| ) | |
| **LIGHTING PRODUCTS, INC.** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

A Report and Recommendation (#21) was filed by Magistrate Judge David G. Bernthal in the above cause on July 9, 2008. On July 24, 2008, Defendant Lighting Products, Inc., filed an Objection to the Report and Recommendation (#22). Following this court's careful de novo review of the Magistrate Judge's reasoning and Defendant's Objections, this court finds that Defendant's objections do not raise an issue of material fact, and therefore agrees with and accepts the Magistrate Judge's Recommendation (#21).

BACKGROUND

In February 2008, Plaintiff North American Lighting, Inc. ("NAL"), filed a Complaint (#1) against Defendant Lighting Products, Inc. ("Lighting Products"), alleging breach of contract for failure to pay for a shipment of light bulbs ordered by Defendant. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

On March 31, 2008, Defendant filed a Motion to Dismiss, or in the Alternative, Motion to Transfer Venue (#9). Defendant argued lack of personal jurisdiction as the basis for its Motion to Dismiss. Plaintiff is a Michigan corporation with its principal place of business in Illinois, while

Defendant is an Ohio corporation with its principal place of business in Ohio. Defendant argues insufficient contacts with the state of Illinois to establish either general or specific jurisdiction in this state.

In his Report and Recommendation, the Magistrate Judge considered Defendant's argument that this court cannot properly exercise jurisdiction over Lighting Products because Lighting Products did not conduct any negotiations in Illinois, execute any contracts in Illinois, or travel to Illinois in the course of its relationship with NAL. Defendant did admit to initiating phone calls, faxes, and purchase orders, and to remitting payments to NAL in Illinois. The Magistrate Judge looked to affidavits supplied by Plaintiffs tending to establish an ongoing relationship between NAL and Lighting Products lasting approximately four years, during which time Defendant purchased parts from Plaintiff and hired a contract carrier to pick up the parts in Illinois for approximately three years. These contacts, in addition to weekly communication between the companies and substantial sales transactions formed the basis of the Judge's conclusion that minimum contacts had been established to support a finding of specific jurisdiction.

## ANALYSIS

Defendant objects to the Magistrate Judge's finding, arguing that the affidavits presented by Plaintiff misstate the facts. Defendant stated that the employees who submitted the affidavits were working for a related entity, ATC, when they had the described contact with Plaintiff. Defendant stated that it did not commence its business relationship with Plaintiff until 2005. Defendant claims that Plaintiff's business relationship between 2002 and 2005 was with ATC, not Lighting Products, and therefore minimum contacts have not been established between Lighting Products and NAL. The other evidence presented in this case suggests otherwise.

To establish personal jurisdiction over a defendant in a forum, due process requires that a defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940). To establish specific jurisdiction, the claim must relate to or arise out of the defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The Supreme Court has emphasized that "with respect to interstate contractual obligations, . . . parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King, 471 U.S. at 473, quoting Travelers Health Assn. v. Virginia, 339 U.S. 643, 647 (1950). Under the Illinois long-arm statute, "[w]hen a contract which is the basis of plaintiff's claim was entered into in Illinois, the defendant's Illinois activities can suffice to sustain jurisdiction." Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 280 (7th Cir. 1990). To determine whether a defendant's business transactions were sufficient to sustain jurisdiction, the court considers "several factors including, who initiated the transaction; where the contract was entered into; and where the performance of the contract was to take place." Heritage House, 906 F.2d at 280.

According to Defendant's version of the facts, the companies had a two-year relationship (from 2005 to 2007), during which time Defendant placed regular orders for Plaintiff's bulbs and hired a contract carrier to pick up the orders from Plaintiff's plant in Illinois and the instant dispute arose from one such order. The contract was clearly meant to be performed in Plaintiff's Illinois factory. Defendant argues that the contract was negotiated by Harley Davidson and entered into by

Defendant on Harley Davidson's orders, and therefore it was Harley Davidson who initiated the transaction and not Defendant. The mere fact that purchasing a product from Plaintiff was a condition of Defendant's contract with a third party does not, however, absolve Defendant of liability or initiative. It was Defendant who purposefully decided to accept the contract with Harley Davidson, who purposefully decided to comply with that contract and to purchase products from Plaintiff, who initiated phone calls and other communication with Plaintiff regarding such purchases, and who paid Plaintiff for the goods. Thus, this court finds that the factors of who initiated the contract and where the performance of the contract was to take place both weigh in favor of a finding of minimum contacts sufficient to support specific jurisdiction.

Defendant further argues that its representatives were never in Illinois and the fact that Plaintiff signed the purchase contract in Illinois, as a unilateral action, cannot establish jurisdiction. While this is true, this does not defeat jurisdiction. The Supreme Court has recognized that "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted," concluding that jurisdiction "may not be avoided merely because the defendant did not _physically_ enter the forum State." Burger King, 471 U.S. at 476 (emphasis in original).

## CONCLUSION

This court therefore concludes that, even under the Defendant's version of the facts, minimum contacts sufficient to support a finding of specific jurisdiction have been established by the two-year relationship between the companies in which Defendant initiated purchase orders from Plaintiff which were then executed in Illinois. Defendant purposefully directed his business toward

Plaintiff, and it was from this contact that the instant dispute arose.

IT IS THEREFORE ORDERED THAT:

    (1) The Report and Recommendation (#21) is accepted by this court.

    (2) Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue (#9) is DENIED.

    (3) This case is referred to the Magistrate Judge for further proceedings.


    ENTERED this 6th day of August, 2008


    s/Michael P. McCuskey
    MICHAEL P. McCUSKEY
    CHIEF U.S. DISTRICT JUDGE